**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE:<br>CENTRO DE CUIDADO TITI NORMA, INC.<br><br>        Debtor<br><br><br>CENTRO DE CUIDADO TITI NORMA, INC.<br><br>        Plaintiff<br><br>          VS.<br><br>ESTADO LIBRE ASOCIADO DE PR<br>DEPARTAMENTO DE LA FAMILIA<br>ACUDEN<br>        Defendant | CASE NO. 09-05827-BKT<br>Chapter 11<br><br><br>ADVERSARY NO. 09-00214 |

**FILED & ENTERED ON 12/01/2009**

**DECISION AND ORDER**

This proceeding is before the Court upon defendant's motion for summary judgment and plaintiff's opposition.  For the reasons set forth below, the motion for summary judgment is granted and the captioned adversary proceeding is hereby dismissed without prejudice to the Plaintiff/Debtor pursuing an appropriate remedy in the State Court of the Commonwealth of Puerto Rico.

**I. PROCEDURAL BACKGROUND**

The "Centro de Cuidado Titi Norma, Inc" ("Debtor" or "Plaintiff") provides child care in a facility that operates from funds delegated by the Administration for Comprehensive Child Care and Development (hereinafter "ACUDEN" for its Spanish acronym or "Defendants"). On October 1, 2009, Debtor filed the captioned adversary proceeding against the Commonwealth of Puerto Rico, the PR Family Department, ACUDEN and their representatives for alleged violations of sections 362 and 525 of the Bankruptcy Code. On even date, Debtor filed a request for a temporary restraining order and expedited hearing. [Dkt. No. 3]. The Court held the hearing on October 15, 2009, and scheduled an evidentiary hearing for October

29, 2009. Ultimately the hearing was rescheduled for November 12, 2009, but could not go forward because Debtor's representative could not attend. Debtor's counsel agreed that the case should continue the normal course of regular adversary proceedings for violation of sections 362 and 525 of the Bankruptcy Code, thereby withdrawing its request for a Temporary Restraining Order. On November 20, 2009, Defendants filed a Motion for Summary Judgment [Dkt. No. 25]. Debtor filed an opposition on November 28, 2009. [Dkt. No. 31]. The matter is submitted.

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§1334 and 157(a) and the General Order of referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of Puerto Rico dated July 19, 1984 (Torruella, C.J.). This is a core proceeding in accordance with 28 U.S.C. §157(b).

### II. SUMMARY JUDGMENT STANDARD:

Under Federal Rule of Civil Procedure 56(c), made applicable in bankruptcy by Federal Rule of Bankruptcy Procedure 7056, summary judgment is available "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corporation v. Catrett, 477 U.S. 317 (1986) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986)). As to issues on which the movant, at trial, would be compelled to carry the burden of proof, it must identify those portions of the pleadings which it believes demonstrates that there is no genuine issue of material fact.  In re Edgardo Ryan Rijos & Julia E. Cruz Nieves v. Banco Bilbao Vizcaya & Citibank (In re Rijos), 263 B.R. 382, 388 (B.A.P. 1st Cir. 2001).  A fact is deemed "material" if it potentially could affect the outcome of the suit. Cortes-Irizarry v. Corporación Insular, 111 F.3d 184, 187 (1st Cir. 1997). Moreover, there will only be a "genuine" or "trial worthy" issue as to such a "material fact," "if a reasonable fact-finder, examining the evidence and drawing all reasonable inferences helpful to the party resisting summary judgment, could resolve the dispute in that party's favor." Id. The Court must view the evidence in a light most favorable to

the nonmoving party.   In re Rijos, 263 B.R. 382, at 388. Therefore, summary judgment is "inappropriate if inferences are necessary for the judgment and those inferences are not mandated by the record."  Id.

### III. LEGAL ANALYSIS AND DISCUSSION:

Section 525(a) of the Bankruptcy code provides protection for Debtors against discriminatory treatment from governmental units; in its pertinent part:

> **(a)….** a governmental unit may not deny, revoke, suspend, or refuse to renew a license, permit, charter, franchise, or other similar grant to, condition such a grant to, discriminate with respect to such a grant against, deny employment to, terminate the employment of, or discriminate with respect to employment against, a person that is or has been a debtor under this title or a bankrupt or a debtor under the Bankruptcy Act, or another person with whom such bankrupt or debtor has been associated, **solely because** such bankrupt or debtor is or has been a debtor under this title or a bankrupt or debtor under the Bankruptcy Act…[emphasis ours]

Note that the standard of proof required of a plaintiff under Section 525 appears to be higher than the standard for most other discrimination statutes. Here, the plaintiff must show that the institution discriminated against him "solely because" of bankruptcy. See Laracuente v. Chase Manhattan Bank, 891 F.2d 17 (1st Cir. 1989). We assume that the words Congress chose, if not specially defined, carry their plain and ordinary meaning. Boivin v. Black,  225 F.3d 36, 40 (1st Cir.2000). In re Hill, 562 F.3d 29, Bankr. L. Rep. P 81,454 (1st Cir., Apr 01, 2009)

With these precepts in mind, we conclude that in order for this Court to determine that ACUDEN violated 11 U.S.C. § 525(a), their rationale behind the decision to deny the renewal of Debtor's contract was solely because of the bankruptcy filing.

According to the uncontested evidence presented in the record, the undisputed facts are as follows:

1. The main reason why Debtors filed for bankruptcy is because of an outstanding debt with the IRS. [Dkt. No. 24 and 25]

2. Plaintiff and defendants subscribed a contract to provide child care services from October 1, 2008 to September 30, 2009. [Dkt. No. 24-6]

3. On page 13 of the contract, Debtors are obligated to provide evidence of the quarterly tax returns and evidence of payment. [Dkt. No. 24-6]

4. On August 19, 2009, Plaintiffs submitted a proposal to renew the contract for fiscal year 2009-2010. [Dkt. No. 24 and 25]

5. On September 5, 2009, ACUDEN reviewed the proposal and decided to deny it "because of IRS debt." [Dkt. No. 24-1]

6. On September 8, 2009, ACUDEN informed Debtors that the proposal would not be approved "because the agency cannot responsibly delegate funds to an entity that is in bankruptcy and financially unstable." [Dkt. No. 30]

7. On September 24, 2009, Debtors filed a reconsideration of the denial of the contract's renewal. [Dkt. No. 24-3]

8. On September 29, 2009, ACUDEN reaffirmed the decision to deny the renewal of the contract. [Dkt. No. 30-1]

Again, it remains uncontested that prior to the letter denying the renewal of the contract sent to Debtors on September 8, 2009, ACUDEN had already determined that the IRS debt was the reason to deny the proposal on September 5, 2009. [Dkt. No. 24-1]. Therefore, under the plain language of Section 525(a) we hold that Plaintiff's claim is defeated by the clear showing that the bankruptcy filing was not the sole reason for the denial of the renewal of the contract.

Debtors also allege that ACUDEN's decision to deny the renewal of the contract was in violation of section 362 of the Bankruptcy Code, in its pertinent part:

> **(a)**…a petition filed under…this title…operates as a stay, applicable to all entities, of--
> **(1)** the commencement or continuation…or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

Section 541 of the Bankruptcy Code specifies the types of property which comprise the debtor's estate. Pursuant to section 541, property of the estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). Debtor's bankruptcy was filed on July 15, 2009. [Dkt. No. 1, 09-02857] At the commencement of the case,

Debtor's contract with ACUDEN was valid until September 30, 2009. [Dkt. No. 24-6] By operation of the subscribed contract, Debtor's proprietary interests in the funds were terminated on September 30, 2009. *Id.*

Furthermore, the FY 2008-2009 contract did not create an expectation of renewal, as evinced in paragraph three of page five: "This contract does not guarantee prospective funds or fixed assets for subsequent years, nor does it presuppose or contemplate the continuity of the activities and services in the contract beyond the contract period." [Dkt. No. 24-6] In accordance with this language, subsequent contracts are renewed independently each year. Hence, at the end of any contract term, the decision to renew has no relation to the previous year's decision. In other words, the analysis made each year is independent and therefore not controlling to the subsequent year.

Having determined that any future contract is not property of the estate and therefore Plaintiff has no proprietary interest in any future funds, this court concludes that plaintiff has failed to establish a violation of section 362(a)(1) of the Bankruptcy Code. Accordingly, the Court grants summary judgment in favor of ACUDEN.

WHEREFORE, IT IS ORDERED that ACUDEN's motion for summary judgment shall be, and it hereby is, GRANTED and this adversary proceeding is DISMISSED.

Judgment will be entered accordingly.

SO ORDERED.

San Juan, Puerto Rico, this 1st day of December, 2009.

**Brian K. Tester**
**U.S. Bankruptcy Judge**

**C: DEBTOR**
**COMMONWEALTH OF PUERTO RICO, ACUDEN**